# SUPREME JUDICIAL COURT,

FOR THE

# WESTERN DISTRICT,

## 1852.

## COUNTY OF YORK.

BLAKE, *complainant, versus* JUNKINS.

To the success of a complaint under the Bastardy-Act, it is indispensable that the complainant be admitted and testify, as a witness.

ON EXCEPTIONS from the *District Court*, EMERY, J.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD and APPLETON, J. J., was drawn up by

APPLETON, J. — This was a complaint founded on the R. S. chap. 131, which relates to bastards and their maintenance. This statute introduces provisions differing most materially from the course of proceedings of the common law, and the rights of the parties will depend on their construction. At the trial, before the District Court, the complainant was excluded, the presiding Judge being of opinion, upon the evi-

dence, that she had not accused the respondent with being the father of the child, of which she was about to be delivered, at the time of her travail. The complainant being thus excluded, testimony of the acts and declarations of the respondent were offered and received, for the purpose of satisfying the jury of his guilt, and upon such testimony, to the reception of which exceptions were seasonably taken, and, upon the ruling of the Court, that it was competent for her to make out her case, if she could, by evidence *aliunde*, a verdict against the respondent was rendered.

It is therefore to be considered, whether proceedings under this statute can be sustained, when the mother has for any cause failed to comply with those provisions, which are necessary and indispensable to her admission as a witness, and whether the cause can then proceed without her testimony.

The facts necessary to establish paternity are in the more exclusive and certain knowledge of the mother. The putative father may have reasonable grounds of belief, but he can rarely have assured and unquestionable conviction. The statute has therefore required, that the mother should make her accusation under oath, that during the time of her travail and while the pains and perils of child birth are upon her, she should accuse the respondent with being the father of the child about to be born and should remain constant to the truth of such accusation. It was deemed, that in the hour of her agony and under the danger of immediate death, there would be little fear of the utterance of falsehood or the concealment of truth on her part. Obligations equivalent to the sanctions of an oath, and securities for trustworthiness greater than any derivable from cross-examination, result from the critical nature of her position. These statutory requirements already alluded to, are specially defined and clearly prescribed, and, if neglected, the prosecution must fail. If a prosecution could be sustained by proof of the defendant's guilt from other sources, because the mother may have negligently omitted to comply with these salutary prerequisites to her admission, it may be equally well sustained, when her non-compli-

ance is the result of deliberate intention. The Legislature could never have designed that the complainant should sit by during the progress of the trial, and the jury should decide in utter ignorance of what her testimony would be in relation to the principal fact in dispute. Indeed, little reason exists for the extension of a provision, by which ascertained guilt is made the essential condition of the admission of testimony, and where presumed innocence is invariably excluded. Accordingly, previous to the revision of our statutes, it had been decided that the omission of the mother to accuse the alleged father during the time of her travail, was a fatal defect to a prosecution on her part. *Dennett* v. *Kneeland*, 6 Greenl. 16 ; *Loring* v. *O'Donnel*, 3 Fairf. 27 ; *Stiles* v. *Eastman*, 21 Pick. 132. The principle of these decisions was further sanctioned in *Rice* v. *Chapin*, 10 Met. 5.

But had there been no adjudicated decisions, the express provisions of the Revised Statutes would lead to the same result. In *Foster* v. *Beatty*, 1 Greenl. 304, this Court decided that after the action is entered in the Court below, and before the cause can be put to trial, the complainant must file a declaration stating all the material facts, which are necessary to sustain the prosecution. In their opinion, the Court specifically set forth, what those material facts are. Upon the revision of our statutes a new section, adopting almost verbally the language of the Court in *Foster* v. *Beatty*, is inserted. This must be deemed a legislative adoption of the principles of that decision. In section 7, which is the one referred to, it is provided, that the complainant shall file a declaration, and that this declaration must be filed " before proceeding to trial." In this section the facts necessary to the success of the prosecution are designated and are specially required to be set forth in the declaration. The facts to be thus set forth, must be proved on the trial. They are all essential prerequisites, and the Court can no more dispense with one than with all.

It having been decided by the District Judge that the complainant did not in the time of her travail accuse the respon-

dent with being the father of the child of which she was about to be delivered, in the present aspect of the case, we must deem that decision as correct, it not being before us upon exceptions. But as it has been settled by repeated decisions, that no prosecution can be maintained without proof of this fact, the mother not being incompetent by reason of a conviction of crime, the exceptions must be sustained and a new trial granted.

*Leland,* for the respondent.

*Wilkinson,* for the complainant.